William Wildenhaim
vs. ⎱ No. 2800.
Frank H. Knight, alias ⎰
January 27, 1934.

For plaintiff: Quinn, Kernan & Quinn.

For defendant: Sherwood & Clifford.

Barbara Wildenhaim, p. a. ⎱
vs. ⎱ No. 2801.
Frank H. Knight, alias ⎰

January 27, 1934.

FROST, J. Heard on defendant's motion for a new trial after verdict for plaintiff in the sum of $700.

This case was tried with the case of Hazel Wildenhaim and that of William Wildenhaim against the same defendant.

It appeared that on March 18, 1933, the plaintiff, a young woman, at the time of the trial twenty-one years of age, was riding in an automobile driven by her mother. It was about

5:30 or 6:00 o'clock in the afternoon. . The machine was being driven northerly on Niagara Street in the City of Providence. As the automobile crossed Potter Avenue, it was in collision with a machine owned by the defendant which was proceeding easterly on Potter Avenue.

There was nothing in the circumstances of the situation which indicated that the daughter was not in the exercise of due care. At the trial the Court found that the mother, as a matter of law, was guilty of negligence at least contributing to the accident. At this time, after a careful reading of the entire transcript of testimony, the Court is unable to say that the jury could not properly find that the negligence of each operator contributed to the accident.

Counsel urges that the damages are excessive. The Court thinks that they are.

No doctor saw the plaintiff on the day of the accident. Dr. Lockwood did see her on the following day. She complained of nausea and that her back and legs ached. The doctor prescribed something for the stomach and also a sedative. On March 29th, Dr. Lockwood again saw the plaintiff with Dr. Palmer, who was seeing her at the request of the defendant. At that time there was a large bruise on her right hip. The doctor sent a tonic the next day. In April, Dr. Lockwood saw the plaintiff twice and her condition, he said, was very good.

The plaintiff herself. testified that up to a month before the trial her back bothered her at certain times but not at all times; that she went to the doctor three or four times; that her back was not strapped up.

It does not appear that the plaintiff was at any time confined to bed or that she was limited by reason of the accident in any of the normal activities of her life.

In the Court's judgment the maximum amount which the jury could properly allow the plaintiff for any injuries suffered and testified to by her is two hundred and fifty dollars.

If, therefore, plaintiff within five days remits all of the verdict in excess of two hundred and fifty dollars, defendant's motion is denied; otherwise it is granted.

For plaintiff: Quinn, Kernan and Quinn.

For defendant: Sherwood & Clifford.